[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
The following are undisputed facts:
— On or above April 20, 1990 defendant Enterprise agreed to purchase custom-made louvers from the plaintiff in the amount of $19,456.16 inclusive of sales tax.
— The custom-made louvers were shipped by the plaintiff and accepted by said defendant at defendant's job site on or about June 13, 1990.
— The louvers submitted by the plaintiff were manufactured in accordance with plans and specifications and were not considered defective by said defendant.
— The louvers were incorporated into the Connecticut Financial Center project in New Haven.
— The contract between the plaintiff and Enterprise provides in pertinent part as follows:
 "All-Lite reserves the right, in its unrestricted discretion, at any time, to require payment of all or part of the contract price upon the execution hereof and/or prior to delivery and/or upon delivery.
 Any balance of the contract price shall be payable 30 days after delivery, plus 1 1/2% of the unpaid balance of said contract price for each month and fraction of a month after expiration of said 30 day period. The price quoted does not include taxes or cost of storage or installation.
 "All Claims of Customer that All-Lite has not properly performed or for allowances of any nature must be made to All-Lite in writing within 10 days after the receipt of the goods."
-Enterprise has not claimed that the plaintiff failed to perform under the contract.
-Enterprise has failed to pay for the goods.
Defendants claim that they are not required to pay for the goods at this time for the following reasons: CT Page 9160
1. They claim that the plaintiff is bound by the terms of the contract between the City of New Haven and Enterprise. That contract provides in paragraph 9.5.2. that the "Contractor shall pay each subcontractor, upon receipt of payment from the Owner, out of the amount paid to the Contractor on account of such Subcontractor . . ." Enterprise has not yet been paid by the City of New Haven.
2. They claim that the City of New Haven is withholding funds from Enterprise, because of inferior work and delays. If the City of New Haven should claim that the inferior work and/or delays are attributable to the plaintiff, then Enterprise would want to make the same claim against the plaintiff.
The issue before the court is whether the plaintiff is bound by the terms of the contract between Enterprise and the City of New Haven. Section 5.3.1. of said contract provides in pertinent part as follows:
 "By an appropriate agreement, written where legally required for validity, the Contractor shall require each Subcontractor, to the extent of the work to be performed by the Subcontractor, to be bound to the Contractor by the terms of the Contract Documents, and to assume toward the Contractor all the obligations and responsibilities which the Contractor, by these documents, assumes toward the Owner . . ."
It is not clear whether the defendant Enterprise did or did not by an appropriate agreement require the plaintiff to be bound by the terms of the contract documents. This raises an issue of fact.
Accordingly, the motion for summary judgment is denied.
FRANCES ALLEN SENIOR JUDGE